UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ELLIS DAVIS,　　　　　　　　　　　　No. 09-14795

　　　　Plaintiff　　　　　　　　　　　　　　　District Judge Stephen J. Murphy, III

v.　　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

MICHIGAN STATE POLICE,

　　　　Defendant(s)
　　　　　　　　　　　　　　　　　　　　　　/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Michigan State Police's Motion to Dismiss [Docket #11] filed December 30, 2009. For the reasons set forth below, I recommend that the motion be GRANTED, dismissing this case with prejudice.

### I.　　BACKGROUND

Plaintiff, a resident of Inkster, Michigan, filed suit on December 9, 2009. He states that after applying for employment with the Defendant Michigan State Police, he "started to experience a . . . noticeable interference with [his] natural flow of thinking." *Complaint* at 2. Exhibits attached to the Complaint indicate that he filed a charge with the EEOC on August 13, 2009 alleging religious, racial, and gender discrimination by Defendant pertaining to a 1994 application for employment. *Docket #2* at pg. 8 of 50. On October 5, 2009, the EEOC notified Plaintiff that it had discontinued its investigation of the claims based on the statute of limitations as well as the lack of evidence supporting the discrimination claim. *Id.*

Plaintiff also appears to request that criminal charges be brought against any individuals responsible for the change in his mental condition. *Complaint* at 2. He asks for one zillion dollars and zero cents in damages. *Id.*[1] Plaintiff also requests that the Court annul his marriage. *Id.* at 3.

## II. STANDARD OF REVIEW

This Court has the inherent authority to dismiss a frivolous case. "[A] district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule

---

[1] Plaintiff quantifies "one zillion" as $1 \times 10^{23}$. *Id.* There may not be this much money in the world.

12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. DISCUSSION

Fed.R.Civ.P. 8(a) requires that a pleading "shall contain...a short and plain statement of the grounds upon which the court's jurisdiction depends...[and] a short and plain statement of the claim showing that the pleader is entitled to relief." This Complaint has made no such showing. The gist of the Complaint appears to be that Plaintiff began to experience

symptoms of mental illness after applying for a job with the Michigan State Police and/or that his failure to secure employment was the result of discriminatory animus. The 722 pages of exhibits accompanying the Complaint, showing that Plaintiff filed now-dismissed charges with the EEOC, do not otherwise clarify his claim. *Docket #1-4.* By itself, the Complaint's lack of coherence requires dismissal pursuant to Fed.R.Civ.P. 12(b)(1). Pursuant to the same Rule, this Court is unable to grant Plaintiff's request to have his marriage annulled. "[M]atters of divorce, alimony and child custody/ support are outside the bounds of federal jurisdiction." *Robinson v. Michigan,* 2009 WL 3011225, *3 (W.D.Mich. 2009)(*citing Marshall v. Marshall*, 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).

Fed. R. Civ. P. 12(b)(6) also provides grounds for dismissal. The Complaint, even liberally construed to state an employment discrimination claim under 42 U.S.C. § 2000e *et seq.,* is time-barred. "[T]he applicable limitations provision of Title VII bars recovery for employment discrimination that occurred more than 300 days" before filing an EEOC charge. *Risch v. Royal Oak Police Dept.,* 581 F.3d 383, 387 fn2 (6th Cir. 2009)(*citing* 42 U.S.C. § 2000e -5(e)(1). As noted in the EEOC's "right to sue" letter of October 5, 2009, the August 13, 2009 charge of employment discrimination occurring sometime between 1994 and 1999 is grossly untimely.

Likewise, to the extent that Plaintiff would appear to seek redress for civil rights violations pursuant to 42 U.S.C. §1983, the claim is also barred by the statute of limitations. In Michigan, the statute of limitations for civil rights suits filed in federal court under § 1983 is three years. *See* M.C.L. § 600.5805(10); *NAACP, Detroit Branch v. Detroit Police*

*Officers Ass'n (DPOA),* 676 F.Supp. 790, 794 (E.D.Mich.1988) (Gilmore, J.); *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). *See also Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985)(In a § 1983 action, federal courts apply state personal injury statutes of limitations).

Finally, Plaintiff's claim that individuals responsible for either job discrimination or his psychological problems should be charged criminally must be dismissed. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed. 2d 536 (1973); *see also Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007).

## IV. CONCLUSION

For these reasons, I recommend that Defendant's motion to dismiss [Docket #11] be GRANTED, dismissing this case with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith*

*v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: July 19, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 19, 2010.

s/Susan Jefferson<br>
Case Manager