UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ELLIS DAVIS,

    Plaintiff,

v.

MICHIGAN STATE POLICE,

    Defendant.
                                       /

Case No. 09-cv-14795

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 46)
**AND GRANTING DEFENDANT'S MOTION TO DISMISS** (docket no. 11)

In this action, pro se plaintiff Gary Ellis Davis sued the Michigan State Police ("MSP"). He alleges that the MSP discriminated against him in his employment application in 1994. He also requests that criminal charges be brought against certain individuals. Finally, he asks that the Court annul his marriage. MSP moved to dismiss the complaint on the grounds that the Court lacks subject matter jurisdiction and the complaint fails to state a claim. The Court referred the matter to Magistrate Judge R. Steven Whalen for all pretrial proceedings.

The matter now returns to the Court on the Report and Recommendation of Judge Whalen. Docket no. 46. In his Report, Judge Whalen recommends that the Court grant MSP's motion and dismiss the complaint with prejudice. The last page of the Report advises the parties that objections must be filed within 14 days of service of a copy of the Report. Since the issuance of the Report, Ellis has filed three letters with the Court, which are not specific, but the Court will assume are attempts to file objections. *See* Docket nos. 49, 51, & 53. Much like his complaint, however, the letters are incomprehensible and shed

no light on the validity of his claims. He has also attached various documents to the letters that are not relevant to this action.

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 149-51 (1985). On the other hand, the Federal Rules of Civil Procedure provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Objections that merely dispute the correctness of the magistrate's recommended outcome but fail to specify the findings believed to be erroneous are too general to invoke statutorily mandated de novo review. *Id.*

Despite its best efforts, the Court is unable to discern from Davis's letters, any meritorious, specific or clear objection to the findings of Judge Whalen that are alleged to be erroneous. The closest Davis comes to stating a coherent objection is in the letter at docket no. 51, where he states, "I, Gary Ellis Davis, do Object to the Dismissing of Case Number 2:09-CV-14795, of Gary Ellis Davis versus Michigan State Police." Docket no. 51,

at 1. This is simply a conclusory objection to the recommended outcome of the matter and does not specifically identify the findings alleged to be erroneous. The remainder of the letters are ramblings-on about other various collateral matters. They do not address the report and recommendation in the slightest. Accordingly, the Court need not conduct any review at all. *See Arn*, 474 U.S. at 149-51.

Even assuming Davis had filed objections sufficient to trigger de novo review, the Court would adopt the findings and conclusions therein. Judge Whalen's analysis of MSP's motion to dismiss is sound and correct. The Court agrees that the complaint is subject to dismissal for lack of subject matter jurisdiction and because the complaint fails to state plausible claims. The claims are so incoherent that the court lacks subject matter jurisdiction over them. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). Furthermore, the Court lacks jurisdiction over domestic relations, which would include the power to annul Davis's marriage. *See Marshall v. Marshall*, 547 U.S. 293, 298 (2006) (discussing "domestic relations" exception to federal jurisdiction).

Any arguable claim of employment discrimination is time-barred since the alleged acts of discrimination occurred sometime between 1994 and 1999. *See Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 387 n.2 (6th Cir. 2009) ("[T]he applicable limitations provision of Title VII bars recovery for employment discrimination that occurred more than 300 days

before [plaintiff] filed an EEOC charge. *See* 42 U.S.C. § 2000e-5(e)(1)."). Davis filed his EEOC charge on August 13, 2009.

Likewise, to the extent Davis attempts to assert a civil rights claim under 42 U.S.C. § 1983, the claim is time-barred. In § 1983 actions, federal courts apply the personal injury statute of limitations provided by state law. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *NAACP v. Detroit Police Officers Ass'n*, 676 F.Supp. 790, 794 (E.D. Mich. 1988) (applying Michigan's three-year limitations period applicable in personal injury cases). Since the alleged constitutional violations occurred at some time between 1994 and 1999, the claims are time-barred. *See* Mich. Comp. Laws § 600.5805(10) (three-year statute of limitations for personal injury actions).

Finally, to the extent Davis claims the individuals responsible for his injuries should be charged criminally, he fails to state a claim. A private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Accordingly, even if the Court were required to conduct a de novo review of the record, which it is not, it would overrule any possible objections Davis has made to the report and recommendation and adopt Judge Whalen's reasoning as the Court's own.

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (docket no. 46) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (docket no. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED with prejudice**.

**SO ORDERED.**

                                                s/Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2010, by electronic and/or ordinary mail.

                                                John Purdy
                                                Deputy Clerk